1  KAREN P. HEWITT
   United States Attorney
2  CARLOS O. CANTU
   Special Assistant U.S. Attorney
3  Government Attorney
   Federal Office Building
4  880 Front Street, Room 6293
   San Diego, California  92101-8893
5  Telephone 619 557-5766/619 557-5551 fax
   email carlos.cantu@usdoj.gov
6
   Attorneys for Plaintiff
7  United States of America

8              UNITED STATES DISTRICT COURT

9           SOUTHERN DISTRICT OF CALIFORNIA

10 UNITED STATES OF AMERICA,     )  Civil Case No. 07CV2134-J
                                 )  Criminal Case No. 89MJ1132
11        Plaintiff/Respondent,  )
                                 )
12        v.                     )  GOVERNMENT'S RESPONSE AND
                                 )  OPPOSITION TO PETITIONER'S
13 CLICERIO GUILLEN-REYES,       )  PETITION FOR WRIT OF ERROR
                                 )  CORAM NOBIS
14        Defendant/Petitioner.  )
   _____)
15

16        COMES NOW the Plaintiff-Respondent, UNITED STATES OF AMERICA,

17 by and through its counsel, Karen P. Hewitt, United States Attorney,

18 and Carlos O. Cantu, Special Assistant United States Attorney, and

19 respectfully submits this Response and Opposition to Defendant-

20 Petitioner's Writ of Error Coram Nobis.

21        This response and opposition is based upon the files and

22 records of the above-entitled case, and the attached memorandum and

23 points and authorities.

24 //

25 //

26 //

27 //

28 COC:2/19/08

I

Introduction

Petitioner, Clicerio Guillen-Reyes ("Petitioner"), is a citizen of Mexico.  On March 12, 1989, Petitioner was arrested by Border Patrol Agents in San Diego, California, for transporting illegal aliens.  Petitioner was charged under 8 USC § 1324(a)(1)(B) for Illegal Transportation of Aliens (Felony) and 8 USC § 1325 for Aiding and Abetting Illegal Entry (Misdemeanor).  On March 14, 1989, Petitioner pled guilty to Misdemeanor Aiding and Abetting Illegal Entry under 8 USC § 1325 and was sentenced by a Magistrate Judge in the Southern Judicial District of California to a period of imprisonment of thirty days.

Petitioner now seeks to have his conviction vacated pursuant to a petition for writ of error coram nobis.  The Court, however, should summarily deny the petition.

II

Statement of the Facts

On March 12, 1989, agents of the United States Border Patrol observed a vehicle with two individuals enter Border Field State Park. The same vehicle was subsequently observed by Border Patrol Agents leaving Border Field State Park with four individuals.  Border Patrol Agents performed an investigative stop of the vehicle because the area was notorious for alien smuggling and because none of the occupants of the vehicle made eye contact with Border Patrol Agents.  The Petitioner was found driving the vehicle, and, upon questioning, the three passengers of the vehicle admitted to having illegally entered the United States west of the San Ysidro Port of Entry and to having

07CV2134-J

made arrangements with the Petitioner to be smuggled to Los Angeles, California, for a fee of two hundred and fifty dollars. The passengers subsequently picked out  the defendant out of a photo lineup of six persons as the individual with whom they had made the smuggling arrangements.

On March 14, 1989, a Complaint was filed against Petitioner charging him with the following violations: Count I, 8 U.S.C. § 1324(a)(1)(B), Illegal Transportation of Aliens (Felony); and Count II, 8 U.S.C. § 1325 and 18 U.S.C. § 2, Aiding and Abetting Illegal Entry (Misdemeanor).

Petitioner was arraigned on the Complaint on March 14, 1989, and was appointed Federal Defenders, Inc., to represent him. Also on March 14, 1989, Petitioner, through counsel, filed a "Consent to be Tried by a U.S. Magistrate Judge," and pled "Guilty" to Count Two of the Complaint. Count I was dismissed, and Petitioner was committed to the custody of the Bureau of Prisons for imprisonment for a period of thirty days.

At the time of Petitioner's arrest on March 12, 1989, he was identified by Border Patrol Agents as a Mexican citizen. Today, however, Petitioner claims that he was a lawful permanent resident at the time of his arrest on March 12, 1989, and that the loss of his immigration status was, presumably, due to his 1989 conviction for aiding and abetting illegal entry in violation of 8 U.S.C. § 1325. Consequently, Petitioner seeks to vacate his 1989 conviction through this petition for writ of error coram nobis. Petitioner's claim and petition for writ of error coram nobis is without merit.

//

III

Argument

A.    Petitioner has failed to establish valid reasons for not
attacking his conviction earlier

To qualify for coram nobis relief, a convict must satisfy four requirements: (1) that a more usual remedy must not be available; (2) that valid reasons exist for petitioner's not attacking his conviction earlier; (3) that adverse consequences exist from conviction sufficient to satisfy "case or controversy" requirement of Article III; and (4) that error must exist of the most fundamental character. United States v. Kwan, 407 F.3d 1005 (9th Cir. 2004).

While there is no specific statute of limitations with respect to filing a petition for writ of error coram nobis, courts have required petitioners to provide valid reasons for not attack their convictions earlier. See, e.g., United States v. Morgan, 346 U.S. 502, 512 (1954); Estate of McKinney v. United States, 71 F.3d 779, 781 (9th Cir. 1995); Maghe v. United States, 710 F.2d 503, 503-504 (9th Cir. 1983).

In his petition for writ of error coram nobis, Petitioner asserts that he retained the services of a legal aid agency in the late 1990's to petition the Immigration and Naturalization Service ("INS") for a new amnesty card. Petitioner further asserts in his petition that he learned in 2003 that the INS had denied his application to replace his immigration document "presumably because of the 1989 misdemeanor conviction, and had declared petitioner out of status." (Petitioner's Petition for Writ of Error Coram Nobis, at p. 3).

Petitioner admitted in his petition that he learned of a possible adverse consequence of his 1989 conviction some time in 2003. Petitioner, however, failed to provide any valid reasons for not attacking his conviction until October of 2007.  Indeed, Petitioner filed his petition for writ of error coram nobis on October 31, 2007, and the United States District Court for the Southern District of California issued an Order to Show Cause in this matter on January 10, 2008.  The Petitioner has simply failed to establish valid reasons for not attacking his conviction for approximately four years, and courts have denied relief where petitioners have delayed for no reason whatsoever.  <u>See</u>, <u>e.g.</u>, <u>Maghe</u>, <u>supra</u>, at 504.  Accordingly, Petitioner has failed to establish an essential element for coram nobis relief.

  B. Petitioner has failed to demonstrate adverse consequences of his 1989 Misdemeanor conviction for Aiding and Abetting <u>Illegal Entry</u>

"The writ of coram nobis is an extraordinary remedy available to a petitioner no longer in custody who seeks to vacate a criminal conviction in circumstances where the petitioner can demonstrate civil disabilities as a consequence of the conviction, and that the challenged error is of sufficient magnitude to justify the extraordinary relief."  <u>Jimenez v. Trominski</u>, 91 F.3d 767, 768 (5th Cir. 1996); <u>See also</u>, <u>United States v. Peter</u>, 310 F. 3d 709, 712 (11th Cir. 2002).

Petitioner seeks a writ of error coram nobis on the ground that he lost his status as a lawful permanent resident presumably as the result of his conviction.  Petitioner, however, has failed to provide any evidence to demonstrate that he, in fact, was a lawful permanent resident at the time of his arrest and conviction in 1989 and that the

07CV2134-J

1    loss of his status was the result of his conviction.  Indeed, agents

2    of the United States Border Patrol identified Petitioner as a Mexican

3    national at the time of his arrest in 1989.  Petitioner was

4    prosecuted, as described above, but was never processed for

5    immigration proceedings.  Consequently, an order of deportation,

6    exclusion, or removal was never issued against Petitioner.  Moreover,

7    Petitioner has failed to establish that any loss of status he may have

8    suffered was a consequence of his conviction.  Petitioner presumes

9    that the loss of any temporary immigration status he may have held

10   resulted from his conviction.  (Petitioner's Petition for Writ of

11   Error Coram Nobis, p. 3).  Petitioner, however, has failed to

12   demonstrate that he ever held any form of immigration status in the

13   United States, or that he lost any alleged status as the result of his

14   conviction.  Moreover, Petitioner has failed to establish that he was

15   entitled to any immigration benefits at the time of his arrest and

16   conviction in 1989, or that he is entitled to any immigration benefits

17   today.  Accordingly, Petitioner has failed to demonstrate any adverse

18   consequences or civil disabilities resulting from the conviction he

19   now seeks to vacate pursuant to a writ of error coram nobis.  As such,

20   Petitioner has failed to establish another essential element for coram

21   nobis relief.

22       C.   Petitioner has failed to establish a claim of ineffective
            assistance of counsel to satisfy the fundamental error
23          requirement to qualify for coram nobis relief

24       Petitioner may satisfy the fundamental error requirement for

25   coram nobis relief by establishing that he received ineffective

26   assistance of counsel.  See, United States v. Mett, 65 F.3d 1531, 1534

27   (9th Cir. 1995).  However, to prevail on his claim of ineffective

28

assistance of counsel, Petitioner must prove: (1) that his counsel's performance fell below an objective standard of reasonableness, and (2) that the deficiency in his counsel's performance prejudiced him. <u>Strickland v. Washington</u>, 466 U.S. 668, 688, 692 (1984).

Petitioner asserts that his appointed counsel recommended that he plead guilty, and that his conviction would not affect his permanent resident status with the INS. (Petitioner's Petition for Writ of Error Coram Nobis, p. 2). Petitioner now claims ineffective assistance of counsel. Petitioner, however, has failed to establish that his counsel's performance fell below an objective standard of reasonableness or that his counsel's performance prejudiced him in any manner. Indeed, Petitioner has failed to establish that he has suffered any collateral consequences, immigration or otherwise, for his conviction, or that his counsel's performance prejudiced him in any manner. Petitioner was not a lawful permanent resident at the time of his arrest and conviction in 1989, and he has failed to demonstrate that he suffered any immigration consequences following his misdemeanor conviction. Petitioner, therefore, has failed to establish the existence of any error to warrant coram nobis relief.

IV

<u>Conclusion</u>

Petitioner has failed to establish that valid reasons exist for not attacking his conviction earlier. Petitioner has also failed to establish that any adverse consequences or civil disabilities exist from his conviction. Finally, Petitioner has failed to establish that fundamental error exist to warrant relief.

//

07CV2134-J

1    For the foregoing reasons, the United States respectfully

2  requests this Honorable Court dismiss with prejudice Petitioner's

3  Petition for Writ of Error Coram Nobis.

4  DATED: <u>February 19, 2008</u>.

5                                          Respectfully submitted,

6                                          KAREN P. HEWITT
                                           United States Attorney
7

8                                          <u>S/Carlos O. Cantu</u>
9                                          CARLOS O. CANTU
                                           Special Assistant U.S. Attorney
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Civil Case No. 07CV2134-J |
| Plaintiff/Respondent, | ) | Criminal Case No. 89MJ1132 |
| | ) | |
| v. | ) | |
| | ) | CERTIFICATE OF SERVICE |
| CLICERIO GUILLEN-REYES, | ) | |
| Defendant/Petitioner | ) | |

IT IS HEREBY CERTIFIED THAT:

I, Carlos O. Cantu, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of Government's Response and Opposition to Petitioner's Petition for Writ of Error Coram Nobis on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

1. NONE

I hereby certify that I have caused to be mailed the foregoing, by the United States Postal Service, to the following non-ECF participants on this case:

1.    Clicerio Guillen-Reyes
      727 E. San Isidro Blvd., No. 152
      San Isidro, CA 92173

the last known address of Defendant/Petitioner, at which place there is delivery service of mail from the United States Postal Service.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 2/19/08.

s/ *Carlos O. Cantu*
CARLOS O. CANTU