# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br>               Plaintiff/Respondent, ) <br>     v. ) <br> ) <br> CLICERIO GUILLEN-REYES, ) <br> ) <br>               Defendant/Petitioner. ) <br> ) | Civil No. 07cv2134 J <br> Criminal No. 89MJ1132 <br> <br> **ORDER DENYING PETITION FOR WRIT OF ERROR CORAM NOBIS** |

Before the Court is the petitioner Clicerio Guillen-Reyes' petition, filed *pro se*, for Writ of Error Coram Nobis. [Doc. No. 1.] This Court has considered the Petition, Respondent's Response and Opposition, and all the supporting documents the parties have submitted. Having considered the documents, this Court **DENIES** the Petition for the reasons stated below.

## *Factual Background*

On March 12, 1989, Petitioner was arrested in the San Diego County area by Immigration officers. On March 14, 1989, Petitioner was charged with the following violations: Count I, 8 U.S.C. § 1324(a)(1)(B), Illegal Transportation of Aliens (felony); and Count II, 8 U.S.C. § 1325 and 18 U.S.C. § 2, Aiding and Abetting Illegal Entry (misdemeanor). [Pet., Ex. A.] On March 14, 1989, Federal Public Defenders, Inc., were appointed to represent Petitioner. [*Id.*] Petitioner pled guilty to Count II of the Complaint. [*Id.*] Count I was dismissed, and Petitioner was

committed to the custody of the Burea of Prisons for imprisonment for a period of thirty days. [*Id.*]

## *Procedural History*

On October 31, 2007, Petitioner filed his petition for writ of error coram nobis. [Doc. No. 1.]  On January 10, 2008, this Court issued an Order to Show Cause why the Petition should not be granted.  On January 24, 2008, the Court received returned mail, originally sent to Petitioner regarding the Order; the mail was returned as undeliverable because no forwarding address could be found.  [Doc. No. 3.]  On February 19, 2008, Respondents issued their Response and Opposition to Petitioner's Petition, asking the Court to dismiss the Petition with prejudice.  [Doc. No. 4.]

## *Legal Standard*

The writ of error coram nobis affords a remedy to attack an unconstitutional or unlawful conviction when the petitioner already has fully served a sentence and is no longer in custody. *Estate of McKinney v. United States*, 71 F.3d 779, 781 (9th Cir. 1995); *United States v. Walgren*, 885 F.2d 1417, 1420 (9th Cir. 1989).  The writ is an "extraordinary remedy" that should be granted "only under circumstances compelling such action to achieve justice." *United States v. Morgan*, 346 U.S. 502, 511 (1954); *see Carlisle v. United States*, 517 U.S. 416, 429 (1996) ("'[I]t is difficult to conceive of a situation in a federal criminal case today where [a writ of *coram nobis*] would be necessary or appropriate.'") (quoting *United states v. Smith*, 331 U.S. 469, 475 n.4 (1947)) (second alteration in original).

"Where the errors are of the most fundamental character, such that the proceeding, itself is rendered invalid, the writ . . . permits a court to vacate its judgments." *Estate of McKinney*, 71 F.3d at 781.  This Court has authority to issue the writ under the All Writs Act, 28 U.S.C. 1651(a).  *Id.*  To qualify for coram nobis relief, a petitioner must satisfy the following four requirements:  (1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III; and (4) the error is of the most fundamental character.  *United States v. Kwan*, 407 F.3d 1005, 1011 (9th Cir. 2005).

*Analysis*

Petitioner argues: (1) a more usual remedy is not available because he is not in custody and thus ineligible for habeas or § 2255 relief; (2) valid reasons exist for not attacking the conviction earlier because Petitioner was unaware that the conviction could affect his immigration status, and it wasn't until 2003 that he realized he was being prejudiced; (3) the INS denial of Petitioner's petition to renew his amnesty card and the possibility of deportation justify the case or controversy requirement of Article III; and (4) the error is of the most fundamental character because Petitioner received ineffective assistance of counsel. (Pet. at 3-4.)

**I.  First Requirement - A More Usual Remedy is Not Available**

Petitioner argues that a more usual remedy is not available because he is not in custody and not eligible for habeas relief or § 2255 relief. (Pet. at 3.) A petitioner may satisfy the first requirement of the writ, that a more usual remedy is not available, by establishing that he is not in custody and, as a result, not eligible for habeas relief or § 2255 relief. *Kwan*, 407 F.3d at 1012. Respondents do not argue Petitioner fails to satisfy this requirement. Accordingly, based on the record and Respondent's non-opposition, the Court **FINDS** Petitioner meets this requirement for the writ of error coram nobis.

**II.  Second Requirement - Valid Reasons Exist for Not Attacking Conviction Earlier**

Petitioner contends valid reasons exist for not attacking the conviction earlier because he was initially unaware the conviction could affect his immigration status, and further, because it wasn't until 2003 that he realized he was being prejudiced. (Pet. at 3.) Respondent argues Petitioner's claim should be dismissed because Petitioner failed to provide any reasons why he did not attack his conviction until October of 2007 rather than in 2003, when Petitioner allegedly first learned of the adverse consequences of his 1989 misdemeanor conviction. (Response at 5; Pet. 2-3.)

There is no statutory time line for filing a petition for writ of coram nobis. *Kwan*, 407 F.3d at 1012. However, in lieu of a specific statute of limitations, those seeking coram nobis relief "must provide valid or sound reasons explaining why they did not attack their sentences or convictions earlier." *Id*. at 1012, 1014 ("The law does not require [a petitioner] to challenge his

conviction at the earliest opportunity, it only requires [him] to have sound reasons for not doing so.") Courts have denied relief for lack of "sound reason" where: (1) the petitioner has delayed for no reason whatsoever; (2) the respondent demonstrates prejudice; or (3) where the petitioner appears to be abusing the writ. *Id*. at 1013.

Respondent alleges Petitioner failed to provide any reasons for the delayed filing of the Petition. (*See generally*, Resp. at 4-5.) A petitioner has the initial burden of offering reasons to justify delay. *See Riedl*, 496 F.3d at 1007-08 (citing *Hirabayashi v. United States*, 828 F.2d 591, 604 (9th Cir. 1987)). Thus, the Court must look to whether Petitioner has met his burden of justifying any delay in filing. *See United States v. Riedl*, 496 F.3d 1003, 1008 (2007); *see also Kwan*, 407 F.3d at 1013.

Petitioner admits that, in 2003, he learned that the INS had denied a replacement card "presumably because of the 1989 misdemeanor conviction." (Pet. at 2-3.) Assuming *arguendo* Petitioner learned of the denial of his replacement amnesty card on the final day of that year, *i.e.* on December 31, 2003, Petitioner still waited almost four years from his notice of the presumed adverse affects of the conviction before filing his Petition on October 31, 2007. The Petition is completely silent as to why Petitioner failed to file within that time period. Thus, Petitioner has not met his burden of offering reasons to justify delay. *Riedl*, 496 F.3d at 1007-08. Petitioner's failure to provide any reason whatsoever to explain his delayed filing is grounds to deny relief. *See Riedl*, 496 F.3d at 1006 (petitioner denied relief for failing to explain why she didn't challenge her conviction while still imprisoned, during the nine-month period between her release from prison and her deportation, or during the twenty-month delay between her deportation and the filing of her coram nobis petition); *Kwan*, 407 F.3d at 1014; *Maghe v. United States*, 710 F.2d 503, 503-04 (9th Cir. 1983) (denying coram nobis petition as untimely where claim could have been raised earlier and there were no sound reasons for the delay). Accordingly, based on the record and for the reasons discussed above, the Court **FINDS** Petitioner fails to meet the "valid or sound" explanation requirement of coram nobis relief and **DENIES** the Petition in its entirety.

**III. Third Requirement - Adverse Consequences**

Petitioner argues that adverse consequences exist from the 1989 conviction sufficient to satisfy case or controversy requirements of Article III because the INS denied his petition to renew the amnesty card and because he faces the possibility of deportation. (Pet. at 3-4.) Respondents argue Petitioner has failed to demonstrate adverse consequences of his 1989 misdemeanor conviction for aiding and abetting illegal entry. (Resp. at 5-6.)

Article III standing requires the following: (1) a threatened or actual distinct and palpable injury to the plaintiff; (2) a fairly traceable causal connection between the injury and the defendant's challenged conduct; and (3) a substantial likelihood that the requested relief will redress or prevent the injury. *Estate of McKinney*, 71 F.3d at 782 n.4 (internal citations and quotations omitted). "A criminal case is moot only if it is shown that there is no possibility that any collateral legal consequences will be imposed on the basis of the conviction." *Sibron v. New York*, 392 U.S. 40, 53-58 (1968) (citing *Pollard v. United States*, 352 U.S. 354 (1957); *see Hirabayashi v. United States*, 828 F.2d 591, 606 (1987). The Ninth Circuit has applied *Sibron* to hold that, for coram nobis relief, a misdemeanor conviction carries a presumption of adverse consequences. *Hirabayashi*, 828 F.2d 606-07; *see also Estate of McKinney*, 71 F.3d at 782 n.6 ("We have repeatedly affirmed the presumption that collateral consequences flow from any conviction and have found the presumption to be irrebuttable in this day of federal sentencing guidelines . . . ." (internal citations omitted)).

Both Petitioner and Respondent acknowledge Petitioner was convicted of aiding and abetting illegal entry, a misdemeanor. (Pet. at 2; Resp. at 3, 5-6.) Petitioner now seeks to have that conviction vacated through his Petition. (Pet. at 4; Resp. at 2.) Respondent argues that Petitioner should be denied relief for failure to demonstrate adverse consequences because Petitioner did not provide any evidence to demonstrate: he was a lawful permanent resident at the time of his arrest and conviction in 1989; any loss of status he may have suffered was a consequence of his conviction; or he is entitled to any immigration benefits today. (Resp. at 5-6.)

The entirety of Respondent's argument is based on Petitioner's failure to show adequate evidentiary support to show adverse consequences. However, under *Hirabayashi*, Petitioner is

presumed to continue to suffer collateral consequences as the result of his 1989 conviction. *Hirabayashi*, 828 F.2d 606-07; *see also Estate of McKinney*, 71 F.3d at 782 n.6. Respondent fails to make any showing that no collateral consequences flow from Petitioner's 1989 conviction. Accordingly, the Court **FINDS** Petitioner has met the Third Requirement, that adverse consequences exist from the 1989 conviction sufficient to satisfy the case or controversy requirements of Article III, and **DENIES** Respondent's request to dismiss the Petition on the above-mentioned grounds.

**IV.  Fourth Requirement - Fundamental Error**

Petitioner argues he meets the fundamental error requirements of coram nobis relief because he received ineffective assistance of counsel. (Pet. at 4.) Respondent argues Petitioner fails to establish a claim of ineffective assistance of counsel to satisfy the fundamental error requirement because Petitioner failed to establish that his counsel's performance fell below an objective standard of reasonableness or that his counsel's performance prejudiced him in any manner. (Resp. at 6-7.)

Petitioner may satisfy the fundamental error requirement for coram nobis relief by establishing that he received ineffective assistance of counsel. *See Kwan*, 407 F.3d at 1014-15 (citing *United States v. Mett*, 65 F.3d 1531, 1534 (9th Cir. 1995)). To make out a claim of ineffective assistance of counsel, Petitioner must show (1) "that counsel's performance was deficient" and (2) "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 686 (1984); *see Kwan*, 407 F.3d at 1014-15.

The first prong of the *Strickland* test requires a petitioner to demonstrate that counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." *Strickland*, 466 U.S. at 687. "[T]he defendant must show that counsel's representation fell below an objective standard of reasonableness . . . under prevailing professional norms." *Id.* at 688; *see Kwan*, 407 F.3d at 1014-16. Furthermore, judicial scrutiny of counsel must be highly deferential because of the risk that the benefit of hindsight would make the counsel's performance seem unreasonable. *Strickland*, 466 U.S. at 689. Defense counsel is strongly "presumed to have rendered adequate assistance and made all significant decisions in

the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690.  An attorney's failure to advise a client of the immigration consequences of a conviction, without more, does not constitute ineffective assistance of counsel under *Strickland*.  *United States v. Fry*, 322 F.3d 1198, 1200 (9th Cir. 2003).  However, where counsel has not merely failed to inform, but has effectively misled his client about the immigration consequences of a conviction, counsel's performance is objectively unreasonable.  *Kwan*, 407 F.3d at 1015.

The second prong of the *Strickland* test requires that any deficiency of counsel also be prejudicial.  *Id*. at 692; *see Kwan*, 407 F.3d at 1014, 1017-18.  Therefore, even if a defendant is able to show that counsel acted unreasonably, he still must show that counsel's actions had an adverse effect on the outcome of the proceedings.  *Id*. at 693.  "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Id*. at 694.

**A.  Deficient Performance**

Petitioner argues he meets the fundamental error requirements of coram nobis relief because he received ineffective assistance of counsel.  (Pet. at 4.)  Specifically, Petitioner argues that the federal public defender rendered constitutionally ineffective assistance because counsel allegedly:  (1) affirmatively misled Petitioner as to the immigration consequences of the conviction; (2) failed to advise Petitioner of the availability of a judicial recommendation against an adverse effect of the conviction in immigration proceedings or to request the same from the sentencing court; (3) failed to investigate; (4) acted in haste to get the case over with and abandoned Petitioner's defense when delivering Petitioner to the mercy and discretion of the sentencing court; and (5) failed to keep abreast of changes in the law and its practice.  (*Id*. at 3.)

Petitioner's claim of deficient assistance fails because it is unsupported by the record.  First, Petitioner provides no evidentiary support to show defense counsel affirmatively misled him.  Further, Petitioner fails to establish that counsel's failure to advise him of the availability of a judicial recommendation against an adverse effect of the conviction amounted to assistance falling below an objective standard of reasonableness considering all of the circumstances.  *See Strickland*, 466 U.S. at 688; *see also Fry*, 322 F.3d at 1200.  Additionally, Petitioner fails to

1 | show that defense counsel's alleged "haste" in resolving Petitioner's case amounted to deficient assistance.  There is a strong presumption defense counsel acted reasonably in expediting Petitioner's case.  *Strickland*, 466 U.S. at 690.  Here, Petitioner's unsupported allegations are not sufficient to overcome the strong presumption defense counsel rendered adequate assistance. *See James v. Borg*, 24 F.3d 20, 26-27 (9th Cir. 1994).  Absent any additional showing, Petitioner fails to establish defense counsel's performance fell below an objective standard of reasonableness.  Therefore, the Court **FINDS** Petitioner fails to show counsel rendered constitutionally deficient assistance under *Strickland*.  Accordingly, the Court **DENIES** the Petition in its entirety.

**B. Prejudice**

Finally, assuming *arguendo* Petitioner could establish deficiency, Petitioner fails to show "a probability sufficient to undermine confidence in the outcome" of the proceedings.  *See Kwan*, 407 F.3d at 1017-18.  Accordingly, the Court **FINDS** Petitioner fails to show his defense was prejudiced and **DENIES** the Petition in its entirety.

**C. Conclusion**

Based on the record and for the reasons discussed above, the Court **FINDS** Petitioner fails to meet the fundamental error requirement of coram nobis relief and **DENIES** the Petition in its entirety.

### *Conclusion*

Because Petitioner has failed to satisfy the second and fourth requirements for coram nobis relief, the Court **DENIES** the Petition for writ of error coram nobis in its entirety.

**IT IS SO ORDERED.**

DATED: September 24, 2009

HON. NAPOLEON A. JONES, JR.
United States District Judge